# Supreme Court of Florida

_____

No. SC2023-1114

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.215.**

September 28, 2023

PER CURIAM.

In November 2021, the Court established the Workgroup on Judicial Practices in the Trial Courts within the Judicial Management Council, explaining that "Florida's judicial branch is committed to the continual improvement of its services and the administration of justice." *In re Workgroup on Judicial Practices in the Trial Courts*, Fla. Admin. Order No. AOSC21-57 (Nov. 9, 2021). The Workgroup's charge included reviewing and developing recommendations for this Court on "the implementation of procedures and other instructions by judges for practice within their individual courtrooms and [determining] whether such instructions are sufficiently accessible, understandable, and consistent with rules of court procedure and law." *Id.* The Court is

grateful for the Workgroup's hard work and its report and recommendations.

One of the Workgroup's recommendations was that this Court adopt amendments to Florida Rule of General Practice and Judicial Administration 2.215 (Trial Court Administration).[1] The Workgroup's proposed amendments were intended to provide litigants with transparent and ready access to the procedures and other instructions of judges for practice within individual courtrooms. We adopt the amendments as proposed.

We amend rule 2.215 to require that individual judge and divisional practices and procedures, as well as local rules and administrative orders, be located on each circuit's website. We further amend the rule to prohibit the practice of requiring attorneys or parties to communicate with the court solely by written letter. Finally, we amend rule 2.215 to provide that each circuit should have a continuing review process in place to ensure that individual judge and divisional practices and procedures are

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

accessible on the circuit's website and are consistent with established law and rules of procedure.

We hereby amend the Florida Rules of General Practice and Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments are effective January 1, 2024, at 12:01 a.m. Because the amendments were not published for comment previously, interested persons have 75 days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

2. All comments must be filed with the Court on or before December 12, 2023, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

**Appendix**

**RULE 2.215.  TRIAL COURT ADMINISTRATION**

**(a)-(d)** [No Change]

**(e) Local Rules and Administrative Orders.**

(1) Local court rules as defined in rule 2.120 may be proposed by a majority of the circuit and county judges in the circuit. The judges ~~shall~~must notify the local bar within the circuit of the proposal, after which they ~~shall~~must permit a representative of the local bar, and may permit any other interested person, to be heard orally or in writing on the proposal before submitting it to the supreme court for approval. When a proposed local rule is submitted to the supreme court for approval, the following procedure shall apply:

(A) Local court rule proposals ~~shall~~must be submitted to the supreme court in January of each year. The supreme court may accept emergency proposals submitted at other times.

(B) Not later than February 15 of each year, the clerk of the supreme court ~~shall~~must submit all local court rule proposals to the Supreme Court Local Rules Advisory Committee created by rule 2.140. At the same time, the clerk of the supreme court ~~shall~~must send copies of the proposed rules to the appropriate committees of The Florida Bar. The Florida Bar committees, any interested local bar associations, and any other interested person ~~shall~~must submit any comments or responses that they wish to make to the Supreme Court Local Rules Advisory Committee on or before March 15 of the year.

(C) The Supreme Court Local Rules Advisory Committee ~~shall~~must meet on or before April 15 to consider the proposals and any comments submitted by interested parties. The committee ~~shall~~must transmit its recommendations to the supreme

court concerning each proposal, with the reasons for its recommendations, within 15 days after its meeting.

(D) The supreme court ~~shall~~must consider the recommendations of the committee and may resubmit the proposals with modifications to the committee for editorial comment only. The supreme court may set a hearing on any proposals, or consider them on the recommendations and comments as submitted. If a hearing is set, notice ~~shall~~must be given to the chief judge of the circuit from which the proposals originated, the executive director of The Florida Bar, the chair of the Rules of General Practice and Judicial Administration Committee of The Florida Bar, any local bar associations, and any interested persons who made comments on the specific proposals to be considered. The supreme court ~~shall~~must act on the proposals promptly after the recommendations are received or heard.

(E) If a local court rule is approved by the supreme court, it ~~shall~~will become effective on the date set by that court.

(F) A copy of all local court rules approved by the supreme court ~~shall~~must be indexed and recorded by the clerk of the circuit court in each county of the circuit where the rules are effective. A set of the recorded copies ~~shall~~must be readily available for inspection as a public record, and copies ~~shall~~must be provided to any requesting party for the cost of duplication. The chief judge of the circuit ~~may~~must ~~provide for the~~ publication~~sh~~ ~~of~~ the rules on the circuit's website. The clerk of the supreme court ~~shall~~must furnish copies of each approved local court rule to the executive director of The Florida Bar.

(2) Any judge or member of The Florida Bar who believes that an administrative order promulgated under subdivision (b)(2) of this rule is a court rule or a local rule as defined in rule 2.120, rather than an administrative order, may apply to the Supreme Court Local Rules Advisory Committee for a decision on the question. The decisions of the committee concerning the determination of the question ~~shall~~must be reported to the supreme court, and the court ~~shall~~must follow the procedure set forth in

subdivision (D) above in considering the recommendation of the committee.

(3) All administrative orders of a general and continuing nature, and all others designated by the chief judge, ~~shall~~must be indexed and recorded by the clerk of the circuit court in each county where the orders are effective. A set of the recorded copies ~~shall~~must be readily available for inspection as a public record, and copies ~~shall~~must be provided to any requesting party for the cost of duplication. The chief judge of the circuit must publish all administrative orders of a general and continuing nature on the circuit's website. The chief judge ~~shall~~must, on an annual basis, direct a review of all local administrative orders to ensure that the set of copies maintained by the clerk remains current and does not conflict with supreme court or local rules.

(4) All local court rules entered pursuant to this section ~~shall~~must be numbered sequentially for each respective judicial circuit.

**(f) Individual and Divisional Practices and Procedures.** Every judge who establishes practices or procedures that apply only when appearing before that specific judge must publish those practices and procedures on the circuit's website. Each division of court that establishes practices and procedures that apply in that division of court must publish those practices and procedures on the circuit's website. No judge or division may establish a practice or procedure that requires attorneys or parties to communicate with the court solely by written letter. Neither a division nor a judge may establish practices or procedures that contradict established law or rule of procedure. The chief judge of each circuit should establish procedures to ensure compliance with the subdivision.

**(f̶g) Duty to Rule within a Reasonable Time.** Every judge has a duty to rule upon and announce an order or judgment on every matter submitted to that judge within a reasonable time. Each judge ~~shall~~must maintain a log of cases under advisement and inform the chief judge of the circuit at the end of each calendar

month of each case that has been held under advisement for more than 60 days.

(~~g~~h) **Duty to Expedite Priority Cases.** Every judge has a duty to expedite priority cases to the extent reasonably possible. Priority cases are those cases that have been assigned a priority status or assigned an expedited disposition schedule by statute, rule of procedure, case law, or otherwise. Particular attention ~~shall~~must be given to all juvenile dependency and termination of parental rights cases, cases involving families and children in need of services, challenges involving elections and proposed constitutional amendments, and capital postconviction cases. As part of an effort to make capital postconviction cases a priority, the chief judge shall have the discretion to create a postconviction division to handle capital postconviction, as well as non-capital postconviction cases, and may assign one or more judges to that division.

(~~h~~i) **Neglect of Duty.** The failure of any judge, clerk, prosecutor, public defender, attorney, court reporter, or other officer of the court to comply with an order or directive of the chief judge ~~shall be~~is considered neglect of duty and ~~shall~~must be reported by the chief judge to the chief justice of the supreme court. The chief justice may report the neglect of duty by a judge to the Judicial Qualifications Commission, and neglect of duty by other officials to the governor of Florida or other appropriate person or body.

(~~i~~j) **Status Conference after Compilation of Record in Death Case.** In any proceeding in which a defendant has been sentenced to death, the circuit judge assigned to the case ~~shall~~must take such action as may be necessary to ensure that a complete record on appeal has been properly prepared. To that end, the judge ~~shall~~must convene a status conference with all counsel of record as soon as possible after the record has been prepared pursuant to rule of appellate procedure 9.200(d) but before the record has been transmitted. The purpose of the status conference ~~shall be~~is to ensure that the record is complete.

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

**Criminal Court Steering Committee Note**

[No Change]